# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JENNIFER BRADLEY** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No: 1:16-CV-00346 (RBW)** |
| **NCAA, et al** | * | |
| **Defendants** | * | |

## THE AMERICAN UNIVERSITY'S ANSWER AND JURY DEMAND

The Defendant, THE AMERICAN UNIVERSITY, by and through its attorneys, John J. Murphy, Esq., and Walker, Murphy & Nelson, LLP, pursuant to Rules 8 and 38 of the Federal Rules of Civil Procedure, hereby files this Answer and Jury Demand, and in Answer to the Plaintiff's Amended Complaint, states as follows.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own primary and/or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and the relief sought are barred by fraud.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and the relief sought are barred by accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of unjust enrichment.

### NINETH AFFIRMATIVE DEFENSE

The Complaint and relief sought are barred by Plaintiff's failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

The injuries asserted in Plaintiff's Complaint were caused by the intervening and/or subsequent acts of others over which this Defendant had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

The injuries asserted in Plaintiff's Complaint did not occur at all or to the extent alleged in the Complaint, and/or were not caused by the acts or omissions of this Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

This Defendant incorporates herein by reference the defense raised in its preliminary motion to dismiss including, but not limited to, an absence of duty owed to Plaintiff on the part of this Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the condition precedents required by the District of Columbia's Medical Malpractice Act, codified at D.C. Code, §16-2802 *et seq*.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by one or more of the affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant generally denies liability, causation and damages as averred by the Plaintiff and demands strict proof thereof at trial before a jury.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant, its agents, servants and/or employees conformed to all applicable standards and was not otherwise negligent and/or responsible for the Plaintiff's allegations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant incorporates herein by reference those affirmative defenses raised by any other party to this litigation to the extent applicable to this Defendant as well as reserves the right to amend its Answer should additional defenses manifest themselves as a result of facts developed during discovery.

### SPECIFIC ADMISSIONS / DENIALS

1.   Defendant admits the jurisdictional and venue assertions in paragraphs 1 and 2 of Plaintiff's Complaint.

2.   Defendant is without sufficient information with which to either confirm or deny paragraphs 3 through 5 and 7 through 12 of Plaintiff's Amended Complaint (Plaintiff's identification of parties not represented by undersigned counsel).

3.   Defendant admits paragraph 6 of Plaintiff's Amended Complaint.

4.   Defendant denies the averment of agency in paragraph 13 of Plaintiff's Amended Complaint.

5.      Defendant admits paragraphs 14 through 16 of Plaintiff's Amended Complaint.

6.      Defendant is without sufficient information with which to either confirm or deny paragraphs 17 through 25 of Plaintiff's Amended Complaint.  These paragraphs do not assert facts but, rather, attempt to portray hearsay opinions which are incomplete, taken out of context, misleading as phrased, and are the subject of expert testimony.   Accordingly, Defendant demands strict proof thereof.

7.      Defendant denies as phrased paragraph 26 of the Plaintiff's Amended Complaint, but admits in the general sense that it was aware of concussions and post concussive syndrome.

8.      Defendant is without sufficient information with which to either confirm or deny paragraphs 27 through 57 of the Plaintiff's Amended Complaint.  These paragraphs do not assert facts but, rather, attempt to portray hearsay opinions which are incomplete, taken out of context, misleading as phrased, and are the subject of expert testimony.   Accordingly, Defendant demands strict proof thereof.

9.      Defendant denies as phrased paragraph 58 of the Plaintiff's Amended Complaint, but admits in the general sense that it was aware of concussions and post concussive syndrome.

10.      Defendant is without sufficient information with which to either confirm or deny paragraphs 59 and 60 of Plaintiff's Amended Complaint, the effect of which is to deny and demand strict proof thereof.

11.      Defendant denies as phrased paragraph 61 of the Plaintiff's Amended Complaint, the effect of which is to deny and demand strict proof thereof.

12.      Defendant is without sufficient information with which to either confirm or deny paragraphs 63 through 72 of the Plaintiff's Amended Complaint.  These paragraphs do not assert facts but, rather, attempt to portray hearsay opinions which are incomplete, taken out of context,

misleading as phrased, and are the subject of expert testimony.   Accordingly, Defendant demands strict proof thereof.

      13.    Defendant denies as phrased paragraph 73 of Plaintiff's Amended Complaint and demands strict proof thereof.

      14.    Defendant denies as phrased paragraph 74 of Plaintiff's Amended Complaint, but admits that it was a member of the Patriot League.

      15.    Defendant is without sufficient information with which to either confirm or deny paragraphs 75 through 80 of the Plaintiff's Amended Complaint.  These paragraphs do not assert facts but, rather, attempt to portray hearsay opinions which are incomplete, taken out of context, misleading as phrased, and are the subject of expert testimony.   Accordingly, Defendant demands strict proof thereof.

      16.    Defendant admits paragraphs 81 through 83 of the Plaintiff's Amended Complaint.

      17.    Defendant denies as phrased paragraphs 84 and 85 of the Plaintiff's Amended Complaint and demands strict proof thereof.

      18.    Defendant denies as phrased paragraphs 86 through 90 of the Plaintiff's Amended Complaint and demands strict proof thereof.

      19.    Defendant admits paragraph 91 of the Plaintiff's Amended Complaint.

      20.    Defendant denies as phrased paragraph 92 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she signed the referenced document.

      21.    Defendant denies as phrased paragraph 93 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she signed the referenced document.

22.     Defendant denies as phrased paragraph 94 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she underwent the referenced test.

23.     Defendant denies as phrased paragraph 95 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she signed the referenced document.

24.     Defendant denies as phrased paragraph 96 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she signed the referenced document.

25.     Defendant admits paragraph 97 of the Plaintiff's Amended Complaint.

26.     Defendant denies paragraph 98 of the Plaintiff's Amended Complaint.

27.     Defendant is without sufficient information to admit or deny paragraph 99 of the Plaintiff's Amended Complaint, the effect of which is to demand strict proof thereof.

28.     Defendant denies as phrased paragraph 100 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that a discussion took place between the individual identified.

29.     Defendant denies as phrased paragraph 101 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that Plaintiff played in the game referenced.

30.     Defendant denies as phrased paragraph 102 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that an email was sent as referenced.

31.     Defendant denies as phrased paragraph 103 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that the referenced test was taken.

32.     Defendant denies as phrased paragraph 104 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that referenced tests were taken.

33.     Defendant denies as phrased paragraph 105 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that Plaintiff played in the game referenced.

34.     Defendant denies as phrased paragraph 106 of the Plaintiff's Amended Complaint, the effect of which is to demand strict proof thereof.

35.     Defendant is without sufficient information to admit or deny paragraph 107 of the Plaintiff's Amended Complaint, the effect of which is to demand strict proof thereof.

36.     Defendant denies as phrased paragraph 108 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she played in the game referenced.

37.     Defendant denies as phrased paragraph 109 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she played in the game referenced.

38.     Defendant denies as phrased paragraph 110 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and demands strict proof thereof.

39.     Defendant denies as phrased paragraph 111 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she played in the referenced game.

40.     Defendant denies as phrased paragraph 112 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that she played in the referenced game.

41.     Defendant denies as phrased paragraph 113 of the Plaintiff's Amended Complaint and demands strict proof thereof.

42.     Defendant denies as phrased paragraph 114 of the Plaintiff's Amended Complaint and demands strict proof thereof.

43.     Defendant denies as phrased paragraph 115 of the Plaintiff's Amended Complaint, which is incomplete and misleading, and admits only that conversations about the Plaintiff did take place.

44.     Defendant is without sufficient information to admit or deny paragraphs 116 through 121 of the Plaintiff's Amended Complaint.  These paragraphs do not assert facts but, rather, attempt to portray hearsay opinions which are incomplete, taken out of context, misleading as phrased, and are the subject of expert testimony.  Accordingly, Defendant demands strict proof thereof.

45.     Defendant denies as phrased paragraph 122 of the Plaintiff's Amended Complaint and admits only that the Plaintiff did not complete her classes as referenced.

46.     Defendant is without sufficient information to admit or deny paragraphs 123 through 128 of the Plaintiff's Amended Complaint.  These paragraphs do not assert facts but, rather, attempt to portray hearsay opinions which are incomplete, taken out of context, misleading as phrased, and are the subject of expert testimony.  Accordingly, Defendant demands strict proof thereof.

47.     Defendant denies as phrased paragraph 129 of the Plaintiff's Amended Complaint and admits only that the Plaintiff was acting as a team manager at the time referenced.

48.     Defendant is without sufficient information to admit or deny paragraph 130 of the Plaintiff's Amended Complaint.  This paragraphs does not assert facts but, rather, attempts to portray hearsay opinions which are incomplete, taken out of context, misleading as phrased, and are the subject of expert testimony.  Accordingly, Defendant demands strict proof thereof.

49.     Defendant denies as phrased paragraph 131 of the Plaintiff's Amended Complaint and admits only that the Plaintiff resumed classes as referenced.

50.     Defendant is without sufficient information to admit or deny paragraphs 132 through 136 of the Plaintiff's Amended Complaint, the effect of which is to deny and demand strict proof thereof.

51.     The averments in paragraphs 137 through 168 are not against this Defendant and, therefore, requires no admission, denial or affirmative response.  The Defendant makes no admissions as to any of Plaintiff's claims against the Co-Defendant.

52.     Count IV of the Plaintiff's Amended Complaint has been dismissed by this Court as to this Defendant and, therefore, paragraphs 169 through 173 require no admission, denial or affirmative response.  The Defendant makes no admissions as to any of Plaintiff's claims against the Co-Defendants.

53.     The averments of paragraphs 174 through 188 are not against this Defendant and, therefore, requires no admission, denial or affirmative response.  The Defendant makes no admission as to any of Plaintiff's claims against the Co-Defendant.

54.     Count VII of the Plaintiff's Amended Complaint has been dismissed by this Court as to this Defendant and, therefore, paragraphs 189 through 194 require no admission, denial or

affirmative response.  The Defendant makes no admissions as to any of Plaintiff's claims against the Co-Defendants.

55.     Defendant denies paragraph 195 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

56.     Defendant denies paragraph 196 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

57.     Defendant denies paragraph 197 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

58.     Defendant denies paragraph 198 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

59.     Paragraphs 199 through 202 of the Plaintiff's Amended Complaint are not against this Defendant and, therefore, do not require an affirmative admission, denial or response.  This Defendant makes no admissions as to Plaintiff's claims against the Co-Defendants.

60.     Defendant denies paragraph 203 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

61.     Defendant denies paragraph 204 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

62.     Defendant denies paragraph 205 of the Plaintiff's Amended Complaint to the extent limited to this Defendant and makes no admissions as to any claims against the Co-Defendants.

WHERFORE, the Plaintiff's Amended Complaint having been fully Answered, it is respectfully requested that the Complaint be dismissed with prejudice and/or judgement entered in favor of this Defendant.

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/s/ John J. Murphy

John J. Murphy, Esq., #14407
9210 Corporate Blvd.
Suite 320
Rockville, Maryland 20850
(301) 519-9150
*Attorneys for Defendant American University*

## JURY DEMAND

This Defendant, The American University, hereby demands a trial by jury on all issues raised herein pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/s/ John J. Murphy

John J. Murphy, Esq., #14407
9210 Corporate Blvd.
Suite 320
Rockville, Maryland 20850
(301) 519-9150
*Attorneys for Defendant American University*

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Jury Demand was served electronically this __25th__ day of April, 2017 to:

Matthew A. Nace, Esq.                                    *man@paulsonandnace.com*
Paulson & Nace, PLLC
1615 New Hampshire Avenue, N.W.
Washington D.C. 2009
***Attorneys for Plaintiff***

J. Christian Word, Esq.                                   *Christian.Word@LW.com*
Latham & Watkins, LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
***Attorneys for the NCAA***

M. Kathleen Fallon, Esquire                               *MKF@adclawfirm.com*
Armstrong, Donohue, Ceppos, Vaughan & Rhoades, Chtd.
204 Monroe Street, Suite 101
Rockville, Maryland 20850
***Attorneys for David L. Higgins, M.D.***

Jesse D. Stewart, Esq.                                    *jesse.stewart@usdoj.gov*
Special Assistant U.S. Attorney
555 Fourth Street, NW, Room E-4916
Washington, D.C. 20530
***Attorneys for the Federal Defendant***

Respectfully submitted,

WALKER, MURPHY & NELSON, LLP

/s/ John J. Murphy
_____
John J. Murphy, Esq., #14407