UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER BRADLEY, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 16-346 (RBW) <br> ) <br> ) |
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

The National Collegiate Athletic Association ("NCAA") hereby submits the following Answer and Affirmative Defenses in response to the remaining allegations contained in Plaintiff's Amended Complaint. The Court dismissed five of Plaintiff's six counts against the NCAA in its April 12, 2017, Memorandum Opinion (ECF No. 36). Plaintiff did not amend the complaint subsequent to the Court's April 12, 2017, decision. Accordingly, the NCAA presents its answer to the surviving claim below.

### JURISDICTION

1. The NCAA admits Plaintiff invokes jurisdiction pursuant to D.C. Code § 11-921, but denies any and all remaining allegations contained in Paragraph 1.

2. The NCAA admits Paragraph 2.

### PARTIES

3. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3.

4. The NCAA admits that it is an unincorporated association of private and public colleges and universities, among other members, with its national office located in Indianapolis, Indiana, but denies any and all remaining allegations contained in Paragraph 4.

5. The allegations in Paragraph 5 relate to claims against a Defendant that the Court has dismissed from the case and do not, therefore, require a response. To the extent that a response is required, the NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6. The NCAA admits The American University is an educational institution and a NCAA member institution.

7-16. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 7 through 16, which relate to other Defendants and persons.

## BACKGROUND

17-25. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 17 through 25, in part because Plaintiff failed to attach the documents upon which the allegations are based. To the extent the allegations in Paragraphs 17 through 25 refer to written documents, the documents speak for themselves, and to the extent the allegations are inconsistent with those documents, the NCAA denies them.

26. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26, especially since it is vague as to time and knowledge, but the NCAA admits it was aware of certain medical and scientific research regarding concussions as of the date of the alleged injury.

27-29. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 27 through 29, in part because Plaintiff failed to attach the documents

upon which the allegations are based. To the extent the allegations in Paragraphs 27 through 29 refer to written documents, the documents speak for themselves, and to the extent the allegations are inconsistent with those documents, the NCAA denies them.

30. The NCAA admits that the NCAA Injury Surveillance Program was established in 1982, but denies any and all remaining allegations contained in Paragraph 30.

31. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31, in part because Plaintiff failed to attach the documents upon which the allegations are based. To the extent the allegations in Paragraph 31 refer to written documents, the documents speak for themselves, and to the extent the allegations are inconsistent with those documents, the NCAA denies them.

32. The NCAA admits Randall Dick authored an article entitled "A Summary of Head and Neck Injuries in Collegiate Athletics Using the NCAA Injury Surveillance System" that was published by the American Society for Testing and Materials in 1994 and the NCAA affirmatively states that, for decades, it has warned student-athletes, trainers, and coaches about the risk of concussions and the signs and symptoms that a student-athlete has suffered a concussion. The allegations in the second and third sentences of Paragraph 32 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA denies any and all remaining allegations contained in Paragraph 32.

33. The NCAA affirmatively states it funded in part a study entitled *Acute Effects and Recovery Time Following Concussions in Collegiate Football Players, The NCAA Concussion Study*, authored by Michael McCrea et al. The allegations in Paragraph 33 regarding the purported conclusions of the study refer to a written document, which speaks for itself, and to the

extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA denies any and all remaining allegations contained in Paragraph 33.

34. The NCAA affirmatively states it funded in part a study entitled *Cumulative Effects Associated with Recurrent Concussion in Collegiate Football Players*, *The NCAA Concussion Study,* authored by Kevin Guskiewicz et al. The allegations in Paragraph 34 regarding the purported conclusions of that study refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA denies any and all remaining allegations contained in Paragraph 34.

35. The allegations in Paragraph 35 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA denies any and all remaining allegations contained in Paragraph 35.

36. The NCAA denies the allegations contained in Paragraph 36.

37-41. The allegations in Paragraphs 37-41 refer to written documents, which speak for themselves, and to the extent the allegations are inconsistent with those documents, the NCAA denies them. The NCAA lacks knowledge or information sufficient to admit or deny any remaining allegations in Paragraphs 37 through 41, in part because Plaintiff failed to attach the documents upon which the allegations are based.

42. The NCAA admits that, in 2011, it made available the 2011-2012 NCAA Sports Medicine Handbook, but denies any and all remaining allegations contained in Paragraph 42.

43. In response to Paragraph 43, the NCAA admits the 2011-2012 NCAA Sports Medicine Handbook, among other things, warned that:

> Participation in intercollegiate athletics involves unavoidable exposure to an inherent risk of injury. However, student-athletes rightfully assume that those who sponsor intercollegiate athletics have taken reasonable precautions to minimize the risks of injury from athletics participation.

\*   \*   \*

Student-athletes should fully understand and comply with the rules and standard of play that govern their sports and follow established procedures to minimize their risk of injury.

In summary, all persons participating in, or associated with, an institution's intercollegiate athletics program share responsibility for taking steps to reduce effectively the risk of injury during intercollegiate athletics competition.

44-47.   The allegations in Paragraphs 44-47 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them.

48.   The NCAA admits its legislation requiring each member institution to adopt a Concussion Management Plan went into effect in August 2010. The allegations in the second sentence of Paragraph 48 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA denies any and all remaining allegations contained in Paragraph 48.

49.   The NCAA admits that it adopted a policy mandating that each member institution adopt a concussion management plan and requiring that each plan contain, but not be limited to, the elements listed in Paragraph 49. The policy is contained in a written document that speaks for itself, and to the extent the allegations discussing the content of the policy are inconsistent with the written document, the NCAA denies those allegations. The NCAA denies any and all remaining allegations contained in Paragraph 49.

50.   The NCAA admits that it adopted a policy mandating that each member institution adopt a concussion management plan. The policy is contained in a written document that speaks for itself, and to the extent the allegations discussing the content of the policy are inconsistent with the written document, the NCAA denies those allegations. The NCAA denies any and all remaining allegations contained in Paragraph 50.

51.     The NCAA admits that it adopted a policy mandating that each member institution adopt a concussion management plan. The policy is contained in a written document that speaks for itself, and to the extent the allegations discussing the content of the policy are inconsistent with the written document, the NCAA denies those allegations. The NCAA denies any and all remaining allegations contained in Paragraph 51.

52-53.  The NCAA denies the allegations contained in Paragraphs 52 and 53.

54.     The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54, in part because Plaintiff failed to attach the documents upon which the allegations are based.

55.     The NCAA admits it disclosed, as part of a broader discussion, in the 2011-2012 NCAA Sports Medicine Handbook the "incidence in helmeted versus nonhelmeted sports is also similar. In the years 2004 to 2009, the rate of concussion during games per 1,000 athlete exposures for football was 3.1 ... for field hockey 1.2..." but lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 55.

56-57.  The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 56-57, in part because Plaintiff failed to attach the documents upon which the allegations are based. To the extent the allegations in Paragraphs 56 through 57 refer to written documents, the documents speak for themselves, and to the extent the allegations are inconsistent with those documents, the NCAA denies them.

58.     The NCAA admits that, prior to September 23, 2011, it knew and warned student-athletes that collegiate athletes are at a risk for head trauma, including concussions, from participation in sports, but lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 58.

59. The NCAA admits that a reason it was founded was "to protect young people from the dangerous and exploitative athletic practices of the time," but denies any and all remaining allegations contained in Paragraph 59.

60. In response to Paragraph 60, the NCAA admits that a founding purpose was to protect student-athletes. The remaining allegations in Paragraph 60 refer to written materials, which speak for themselves, and to the extent the allegations are inconsistent with those materials, the NCAA denies them.

61. The NCAA admits that American University is a member institution and that its member institutions are governed by the NCAA Constitution, Operating Bylaws, and Administrative Bylaws, among other things, but denies any and all remaining allegations contained in Paragraph 61.

62. The NCAA admits that its Playing Rules Committees promulgate and/or adopt sport-specific standards.

63-64. The allegations in Paragraphs 63 through 64 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA otherwise admits the allegations contained in Paragraphs 63 through 64.

65. The NCAA admits that the NCAA Constitution states "[t]he Association shall assist the institution in its efforts to achieve full compliance with all rules and regulations," but denies any and all remaining allegations contained in Paragraph 65.

66. The allegations in Paragraph 66 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them.

67. The NCAA admits that its injury surveillance data can be used to examine, explore, understand, and work to prevent sports injuries, but denies any and all remaining allegations contained in Paragraph 67.

68. The NCAA denies the allegations in the first sentence of Paragraph 68 and lacks knowledge or information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 68.

69. The NCAA denies the allegations contained in Paragraph 69.

70. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 70, in part because Plaintiff failed to attach the documents she quotes or upon which the allegations are based.

71. The allegations in Paragraph 71 refer to a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them.

72. The NCAA lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 72, in part because Plaintiff failed to attach the documents upon which the allegations are based. The allegations in the quote in Paragraph 72 are contained in a written document, which speaks for itself, and to the extent the allegations are inconsistent with that document, the NCAA denies them. The NCAA denies any and all remaining allegations contained in Paragraph 72.

73. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 73.

74. The NCAA admits Paragraph 74.

75-80. The NCAA lacks knowledge or information sufficient to admit or deny the allegations of Paragraphs 75 through 80, in part because Plaintiff failed to attach the documents upon which the allegations are based.  The NCAA further responds that the allegations in Paragraphs 75-80 relate to a party that the Court has dismissed and, on that basis, denies them. To the extent the allegations in Paragraphs 75 through 80 refer to written documents, the documents speak for themselves, and to the extent the allegations are inconsistent with those documents, the NCAA denies them.

81-90. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 81 through 90.

91-136. The NCAA lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 91 through 136.

## COUNT I
**(Negligence)**
**Bradley vs. NCAA**

137. The NCAA repeats and incorporates the responses contained in Paragraphs 1-136, inclusive, of this Answer as if fully set forth herein.

138. The NCAA affirmatively states that it strives to enhance student-athlete safety, but denies that the NCAA is legally obligated to eliminate the inherent risk of injury to voluntary participants in contact sports or is liable for such injuries that participants may suffer or the quality of medical treatment they receive from their health care providers.  The NCAA denies any and all remaining allegations contained in Paragraph 138.

139. The NCAA affirmatively states that it strives to enhance student-athlete safety, but denies that the NCAA is legally obligated to eliminate the inherent risk of injury to voluntary participants in contact sports or is liable for such injuries that participants may suffer or the

quality of medical treatment they receive from their health care providers. The NCAA denies any and all remaining allegations contained in Paragraph 139.

140-146. The NCAA denies the allegations contained in Paragraphs 140 through 146.

## COUNT II
## (Gross Negligence)
## Bradley vs. NCAA

147-156. The NCAA repeats and incorporates the responses contained in Paragraphs 1-146, inclusive, of this Answer as if set forth fully herein. The NCAA further responds that the allegations in Paragraphs 148-156 relate to a claim that the Court has dismissed and do not, therefore, require a response. To the extent that a response is required, the NCAA denies the allegations contained in Paragraphs 148-156.

## COUNT III
## (Negligence)
## Bradley vs. The Patriot League and American University

157-168. The NCAA repeats and incorporates the responses contained in Paragraphs 1-156, inclusive, of this Answer as if set forth fully herein. The NCAA further responds that no response is required to the allegations in Paragraphs 158-168 because they concern alleged conduct by other Defendants and do not concern the NCAA. To the extent that a response is required, the NCAA lacks knowledge or information sufficient to admit or deny the allegations.

## COUNT IV
## (Negligent Infliction of Emotional Distress)
## Bradley vs. All Defendants

169-173. The NCAA repeats and incorporates the responses contained in Paragraphs 1-168, inclusive, of this Answer as if set forth fully herein. The NCAA further

responds that the allegations in Paragraphs 170-173 relate to claims that the Court has dismissed, and do not, therefore, require a response. To the extent that a response is required, the NCAA denies the allegations contained in Paragraphs 170-173 as they relate to the NCAA, and lacks knowledge or information sufficient to admit or deny the allegations as they relate to the other Defendants.

## COUNT V
### (Fraudulent Misrepresentation)
### Bradley vs. NCAA

174-182.   The NCAA repeats and incorporates the responses contained in Paragraphs 1-173, inclusive, of this Answer as if set forth fully herein. The NCAA further responds that the allegations in Paragraphs 175-182 relate to a claim that the Court has dismissed as to the NCAA, and do not, therefore, require a response. The remaining medical malpractice claim concerns alleged conduct by other Defendants and does not concern the NCAA. To the extent that a response is required, the NCAA lacks knowledge or information sufficient to admit or deny the allegations.

## COUNT VI
### (Breach of Contract)
### Bradley vs. NCAA

183-188.   The NCAA repeats and incorporates the responses contained in Paragraphs 1-182, inclusive, of this Answer as if set forth fully herein. The NCAA further responds that the allegations in Paragraphs 184-188 relate to a claim that the Court has dismissed, and do not, therefore, require a response. To the extent that a response is required, the NCAA denies the allegations.

## COUNT VII
### (Breach of Contract)
### Bradley vs. The Patriot League and American University

189-194.   The NCAA repeats and incorporates the responses contained in Paragraphs 1-188, inclusive, of this Answer as if set forth fully herein.  The NCAA further responds that no response is required to the allegations in Paragraphs 190-194 because they concern alleged conduct by other Defendants and do not concern the NCAA.  To the extent that a response is required, the NCAA lacks knowledge or information sufficient to admit or deny the allegations.

## COUNT VIII
### (Medical Malpractice)
### Bradley vs. All Defendants

195-205.   The NCAA repeats and incorporates the responses contained in Paragraphs 1-194, inclusive, of this Answer as if set forth fully herein. The NCAA further responds that the allegations in Paragraphs 196-205 relate to claims that the Court has dismissed as to the NCAA, and do not, therefore, require a response.  The remaining medical malpractice claim concerns alleged conduct by other Defendants and does not concern the NCAA.  To the extent that a response is required, the NCAA lacks knowledge or information sufficient to admit or deny the allegations.

## GENERAL DENIAL

The NCAA denies every allegation of the Amended Complaint not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

The NCAA's affirmative defenses to Plaintiff's Amended Complaint are set forth below. By setting forth the following allegations and defenses, however, the NCAA does not assume the burden of proof on matters and issues other than those on which the NCAA bears the burden of

proof as a matter of law. The NCAA has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiff. The NCAA, therefore, reserves the right to raise additional affirmative and other defenses as appropriate.

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The NCAA affirmatively asserts that the injuries allegedly sustained by the Plaintiff were caused by the sole, concurring, and/or contributory negligence of the Plaintiff, and therefore the requested relief should be denied.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff assumed any and all risks inherent in the sport she chose to play, and therefore the requested relief should be denied.

**FOURTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint are barred, in whole or in part, under the contact sports exception to the ordinary standard of care.

**FIFTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint are barred, in whole or in part, to the extent the Plaintiff failed to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint are barred by the applicable statute of limitations and/or laches.

## **SEVENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint are barred by estoppel and/or waiver.

## **Jury Demand**

Defendant NCAA demands a jury trial on all issues raised herein.

Dated: May 12, 2017

                                                Respectfully submitted,

                                                By:/s/ J. Christian Word

J. Christian Word (DC Bar # 461346)
Kevin A. Chambers (DC Bar # 495126)
Sarah M. Gragert (DC Bar # 977097)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2338
Fax: (202) 637-2201

Danny C. Onorato (DC Bar # 480043)
Joseph A. González (DC Bar # 995057)
SCHERTLER & ONORATO, LLP
1101 Pennsylvania Avenue, NW
Suite 1150
Washington, DC 20004
Telephone: (202) 628-4199
Fax: (202) 628-4177

*Counsel for Defendant The National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2017, a copy of the foregoing THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT was served electronically via ECF to counsel of record.

Dated: May 12, 2017

/s/ J. Christian Word
J. Christian Word (DC Bar # 461346)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2338
Fax: (202) 637-2201

*Counsel for Defendant The National Collegiate Athletic Association*