# UNITED STATES DISTRICT COURT
# FORT THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JENNIFER BRADLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 16-cv-346 (RBW) |
| v. | ) | |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC | ) | |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FEDERAL DEFENDANT'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, the United States of America (Federal Defendant), by and through its undersigned attorney, hereby responds to Plaintiff's Amended Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Federal Defendant cannot be vicariously liable for the actions of its employee as the employee was under the power and control of another employer at all relevant times to this action.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for pre- or post-judgment interest, except as permitted by Federal law. *See* 28 U.S.C. §§ 1961, 2674; 31 U.S.C. § 1304(b).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own primary and/or contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The United States may have additional defenses which are not known at this time and preserves other defenses as they are ascertained through discovery.

## EIGTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Plaintiff's assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to a Memorandum of Understanding between the Federal Defendant and Defendant, David L. Higgins, Federal Defendant is indemnified by David L. Higgins. Any recovery for claims pursuant to the liability clause in the Memorandum of Understanding will come from David L. Higgins vice Federal Defendant.

## TENTH AFFIRMATIVE DEFENSE

As a separate and further defense, answering specifically the numbered paragraphs of the Plaintiff's Amended Complaint and without waiving any defenses and/or objections, the Federal Defendant admits, denies, or otherwise avers as follows:

## JURISDICTION[1]

1.     The allegations contained in paragraph 1 relate to jurisdiction and therefore require no response by the Federal Defendant. To the extent a response is required, the Federal Defendant denies that this Court has jurisdiction.

---

[1]     For the convenience of the Court and the parties, the Government has adopted some of the number scheme, headings, and sub-headings used in Plaintiff's Amended Complaint. The uses of that format are not intended to, nor do they operate as admissions.

2.      The Federal Defendant admits the allegations contained in paragraph 2 to the extent that the District of Columbia is the proper venue.

PARTIES

3.      The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 3; therefore, it denies the same.

4.      The Federal Defendant admits the allegations contained in paragraph 4 to the extent that The National Collegiate Athletic Association (NCAA) is an association of colleges and universities which governs intercollegiate athletics.  Otherwise, the Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 4; therefore, it denies the same.

5.      The Federal Defendant admits the allegations contained in paragraph 5 to the extent that The Patriot League is comprised of colleges and universities.  Otherwise, the Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 5; therefore, it denies the same.

6.      The Federal Defendant admits the allegations contained in paragraph 6 to the extent that The American University is an educational institution.  Otherwise, the Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 6; therefore, it denies the same.

7.      The Federal Defendant admits that Defendant David L. Higgins, M.D., P.C., is a healthcare provider conducting business in Washington, D.C.  Otherwise, the Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 7; therefore, it denies the same.

8.      The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 8; therefore, it denies the same.

9.      The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 9; therefore, it denies the same.

10.     The Federal Defendant admits that David. L. Higgins, M.D. is a healthcare provider.  Otherwise, the Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 10; therefore, it denies the same.

11.     The Federal Defendant admits that Aaron Williams, D.O., was, at all relevant times, a healthcare provider practicing in the District of Columbia and employed by the Federal Defendant.  Further responding, the allegations contained in paragraph 11 constitute conclusions of law to which no response is required.  To the extent that they are deemed allegations of fact, the Federal Defendant denies the allegations in paragraph 11.

12.     The Federal Defendant admits that Dr. Williams was a trainee at Defendant Higgins, P.C.  Otherwise, the Federal Defendant has insufficient facts to either admit or deny the allegations contained in paragraph 12; therefore, it denies the same.

13.     The Federal Defendant admits that Dr. Williams was a trainee at, and under the control and supervision of, the Defendant Higgins, P.C.  Otherwise, the allegations contained in paragraph 13 constitute conclusions of law to which no response is required.  To the extent that they are deemed allegations of fact, the Federal Defendant has insufficient information to either admit or deny the same.

14.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 14; therefore, it denies the same.

15.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 15; therefore, it denies the same.

16.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 16; therefore, it denies the same.

## BACKGROUND

17.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 17; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

18.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 18; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

19.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 19; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

20.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 20; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

21.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 21; therefore, it denies the same.  Further responding, the

allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

22.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 22; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

23.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 23; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

24.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 24; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

25.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 25; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

<u>DEFENDANTS' SUPERIOR KNOWLEDGE OF THE AFFECTS OF CONCUSSIONS</u>

26.     Federal Defendant admits that it has knowledge of concussions.  Otherwise, the Federal Defendant denies the allegations, as framed, in paragraph 26.

27.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 27; therefore, it denies the same.  Further responding, the

6

allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

28.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 28; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

29.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 29; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

30.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 30; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

31.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 31; therefore, it denies the same.

32.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 32; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

33.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 33; therefore, it denies the same.  Further responding, the

allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

34. The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 34; therefore, it denies the same. Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

35. The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 35; therefore, it denies the same. Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

36. The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 36; therefore, it denies the same. Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

37. The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 37; therefore, it denies the same.

38. The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 38; therefore, it denies the same. Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

39. The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 39; therefore, it denies the same. Further responding, the

allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

40.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 40; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

41.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 41; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

42.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 42; therefore, it denies the same.

43.     The Federal Defendant has insufficient to either admit or deny the allegations contained in paragraph 43; therefore, it denies the same.

44.     The Federal Defendant has insufficient to either admit or deny the allegations contained in paragraph 44; therefore, it denies the same.

45.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 45; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

46.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 46; therefore, it denies the same.  Further responding, the

allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

47.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 47; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

48.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 48; therefore, it denies the same.

49.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 49; therefore, it denies the same.

50.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 50; therefore, it denies the same.

51.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 51; therefore, it denies the same.

52.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 52; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

53.     The Federal Defendant has insufficient facts to either admit or deny the allegations contained in paragraph 53; therefore, it denies the same.

54.     The Federal Defendant has insufficient facts to either admit or deny the allegations contained in paragraph 54; therefore, it denies the same.

55.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 55; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

56.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 56; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

57.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 57; therefore, it denies the same.  Further responding, the allegations consist of hearsay medical opinions which are the subject of expert testimony. Accordingly, the Federal Defendant demands strict proof thereof.

58.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 58; therefore, it denies the same.

## THE DUTIES ASSUMED BY DEFENDANTS

59.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 59; therefore, it denies the same.

60.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 60; therefore, it denies the same.

61.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 61; therefore, it denies the same.

62.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 62; therefore, it denies the same.

63.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 63; therefore, it denies the same.

64.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 64; therefore, it denies the same.

65.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 65; therefore, it denies the same.

66.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 66; therefore, it denies the same.

67.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 67; therefore, it denies the same.

68.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 68; therefore, it denies the same.

69.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 69; therefore, it denies the same.

70.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 70; therefore, it denies the same.

71.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 71; therefore, it denies the same.

72.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 72; therefore, it denies the same.

73.    The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 73; therefore, it denies the same.

74.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 74; therefore, it denies the same.

75.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 75; therefore, it denies the same.

76.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 76; therefore, it denies the same.

77.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 77; therefore, it denies the same.

78.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 78; therefore, it denies the same.

79.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 79; therefore, it denies the same.

80.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 80; therefore, it denies the same.

81.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 81; therefore, it denies the same.

82.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 82; therefore, it denies the same.

83.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 60; therefore, it denies the same.

84.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 84; therefore, it denies the same.

85.     The Federal Defendant admits that Dr. Williams was a trainee of the David L. Higgins, M.D., P.C.  Otherwise, the Federal Defendant denies the allegations in paragraph 85.

86.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 86; therefore, it denies the same.

87.     The Federal Defendant has insufficient information to either admit or deny the allegations contained in paragraph 87; therefore, it denies the same.

88.     The Federal Defendant denies the allegations in paragraph 88.

89.     The Federal Defendant denies the allegations in paragraph 89.

90.     The Federal Defendant denies the allegations in paragraph 90.

<u>THE HISTORY OF JENNIFER BRADLEY</u>

91.     The Federal Defendant admits the allegations in paragraph 91.

92.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 92; therefore, it denies the same.

93.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 93; therefore, it denies the same.

94.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 94; therefore, it denies the same.

95.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 95; therefore, it denies the same.

96.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 96; therefore, it denies the same.

97.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 97; therefore, it denies the same.

98.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 98; therefore, it denies the same.

99.     The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 99; therefore, it denies the same.

100.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 100; therefore, it denies the same.

101.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 101; therefore, it denies the same.

102.    Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 102; therefore, it denies the same.

103.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 103; therefore, it denies the same.

104.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 104; therefore, it denies the same.

105.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 105; therefore, it denies the same.

106.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 106; therefore, it denies the same.

107.    The Federal Defendant admits that the Plaintiff was seen by Dr. Williams. Otherwise, it has insufficient information to either admit or deny the allegations in paragraph 107; therefore, it denies the same.

108.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 108; therefore, it denies the same.

109.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 109; therefore, it denies the same.

110.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 110; therefore, it denies the same.

111.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 111; therefore, it denies the same.

112.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 112; therefore, it denies the same.

113.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 113; therefore, it denies the same.

114.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 114; therefore, it denies the same.

115.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 104; therefore, it denies the same.

116.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 116; therefore, it denies the same.

117.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 117; therefore, it denies the same.

118.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 118; therefore, it denies the same.

119.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 119; therefore, it denies the same.

120.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 120; therefore, it denies the same.

121.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 121; therefore, it denies the same.

122.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 122; therefore, it denies the same.

123.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 104; therefore, it denies the same.

124.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 104; therefore, it denies the same.

125.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 125; therefore, it denies the same.

126.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 126; therefore, it denies the same.

127.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 127; therefore, it denies the same.

128.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 128; therefore, it denies the same.

129.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 129; therefore, it denies the same.

130.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 130; therefore, it denies the same.

131.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 131; therefore, it denies the same.

132.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 132; therefore, it denies the same.

133.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 133; therefore, it denies the same.

134.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 134; therefore, it denies the same.

135.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 135; therefore, it denies the same.

136.    The Federal Defendant has insufficient information to either admit or deny the allegations in paragraph 136; therefore, it denies the same.

COUNT I
(Negligence)
Bradley v. NCAA

137.    The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

138.    The allegations in paragraph 138 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

139.    The allegations in paragraph 139 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

140.    The allegations in paragraph 140 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

141.     The allegations in paragraph 141 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

142.     The allegations in paragraph 142 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

143.     The allegations in paragraph 143 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

144.     The allegations in paragraph 144 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

145.     The allegations in paragraph 145 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

146.     The allegations in paragraph 147 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

<u>COUNT II</u>
(Gross Negligence)
Bradley v. NCAA

147.     The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

148.     The allegations in paragraph 148 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

149.     The allegations in paragraph 149 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

150.     The allegations in paragraph 150 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

151.     The allegations in paragraph 151 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

152.     The allegations in paragraph 152 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

153.     The allegations in paragraph 153 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

154.     The allegations in paragraph 154 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

155.     The allegations in paragraph 155 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

156.     The allegations in paragraph 156 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

<u>Count III</u>
(Negligence)
Bradley v. The Patriot League and American University

157.     Deny.

158.     Deny.

159.     Deny.

160.     Deny.

161.     Deny.

162.     Deny.

163.     Deny.

164.     Deny.

165.     Deny.

166.    Deny.

167.    Deny.

168.    Deny.

## COUNT IV
### (Negligent Infliction of Emotional Distress)
### Bradley v. All Defendants

169.    The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

170.    The allegations in paragraph 170, as they pertain to the Federal Defendant, are denied.

171.    The allegations in paragraph 171, as they pertain to the Federal Defendant, are denied.

172.    The allegations in paragraph 172, as they pertain to the Federal Defendant, are denied.

173.    The allegations in paragraph 170, as they pertain to the Federal Defendant, are denied.

## COUNT V
### (Fraudulent Misrepresentation)
### Bradley v. NCAA

174.    The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

175.    The allegations in paragraph 175 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

176.    The allegations in paragraph 176 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

177.     The allegations in paragraph 177 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

178.     The allegations in paragraph 178 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

179.     The allegations in paragraph 179 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

180.     The allegations in paragraph 180 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

181.     The allegations in paragraph 181 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

182.     The allegations in paragraph 182 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

COUNT VI
(Breach of Contract)
Bradley v. NCAA

183.     The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

184.     The allegations in paragraph 184 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

185.     The allegations in paragraph 185 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

186.     The allegations in paragraph 186 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

187.    The allegations in paragraph 187 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

188.    The allegations in paragraph 188 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

<u>COUNT VII</u>
(Breach of Contract)
Bradley v. The Patriot League and American University

189.    The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

190.    Deny.

191.    The federal government has insufficient knowledge to agree or deny the allegation contained in paragraph 192.

192.    Deny.

193.    Deny.

194.    Deny.

<u>COUNT VIII</u>
(Medical Malpractice)
Bradley v. All Defendants

195.    The Federal Defendant incorporates by reference all of its preceding paragraphs in answer to this paragraph.

196.    The allegations in paragraph 196, as they pertain to the Federal Defendant, are denied.

197.    The allegations in paragraph 197, as they pertain to the Federal Defendant, are denied.

198.    The allegations in paragraph 198 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

199.    The allegations in paragraph 199 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

200.    The allegations in paragraph 200 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

201.    The allegations in paragraph 201 do not apply to the Federal Defendant; therefore, no response is required.  To the extent that any response is required, the allegations are denied.

202.    The allegations contained in paragraph 202 state a conclusion of law to which no response is required.  To the extent that they are deemed allegations of fact, the Federal Defendant denies the allegations.

203.    The allegations contained in paragraph 203 state a conclusion of law to which no response is required.  To the extent that they are deemed allegations of fact, the Federal Defendant denies the allegations.

204.    The allegations in paragraph 204, as they pertain to the Federal Defendant, are denied.

205.    The allegations in paragraph 205, as they pertain to the Federal Defendant, are denied.

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar #415793
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. Bar #924092

Chief, Civil Division

BY: _____/s/_____
DERRICK W. GRACE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-2574
derrick.grace@usdoj.gov

25