UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER BRADLEY,

    *Plaintiff,*

v.

AMERICAN UNIVERSITY, *et al.*,

    *Defendants.*

Civil Action No. 1:16-cv-00346-RBW

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Authorities | i |
| Exhibit List | iv |
| Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts | vi |
| Plaintiff's Statement of Undisputed Material Facts Not In Dispute | x |

### Plaintiff's Memorandum of Points & Authorities

| | |
|---|---|
| Preliminary Statement | 1 |
| Standard of Review | 2 |
| Standard for Admissible Evidence | 3 |
|     a) *Daubert* and its Progeny | 4 |
| Legal Argument | 5 |
| I. Defendant American University Has Made The Same Argument That Was Already Rejected By This Court Without Providing Any New Rationale And Such Argument Should Again Be Denied. | 5 |
| II. Defendant AU Assumed A Duty Of Care To All Its Student-Athletes Including Plaintiff, To Take Reasonable Precautions To Minimize The Risk of Injury. | 7 |
|     a. The Duty of Care Required Of Defendant AU Was To Have Acted Reasonably In Taking Appropriate and Reasonable Precautions To Minimize The Risks Of Further Sequelae After A Student Athlete Has Been Injured. | 7 |
|     b. Defendant AU Owed A General Duty of Care To Its Student-Athletes. | 14 |
|     c. Defendant AU Owed A Specific Duty of Care To Plaintiff Once She Complained of Concussive Like Symptoms. | 14 |
| III. Defendant AU Is Vicariously Liable For The Actions Of Its Agents/Servants/And Employees. | 18 |
| IV. The District of Columbia's Definition Of A Health Care Provider | 22 |

|       |    | Is Much More Expansive Than Defendants Claim, Both At The Time Of The Negligence And Today. |     |
|-------|----|---|-----|
| V.    |    | The Exculpatory Clause Contained In The "Acknowledgment Of Risks" Is Not Valid As It Pertains To A Regulated Public Interest And Is Against Public Policy. | 25 |
|       | a. | Rendering Health Care Is A Transaction That Affects The Public Interest. | 25 |
|       | b. | The Notion Of Absolving Health Care Providers From Their Negligence Through Pre-Service Contractual Waivers Is "Patently Offensive" To The Community As A Whole. | 29 |
|       | c. | The Court Should Acknowledge The Distinction Between The Conduct Voluntarily Entered Into Versus The Conduct Waived. | 31 |
| VI.   |    | Assuming *Arguendo* That The Clause Is Not A Matter Of Public Policy It Should Still Not Be Enforced Because It Was Adhesionary; Its Terms Were Not Conspicuous, Clear, And Unambiguous; And There Was Never A Meeting Of The Minds. | 33 |
|       | a. | The Clause At Issue Was Wholly Adhesionary. | 33 |
|       | b. | Unlike Similar Contractual Clauses, This Clause Was Not Conspicuous And Was Inserted Into A Prior Form. | 35 |
|       | c. | Ms. Bradley Never Had An Understanding That Execution Of An "Acknowledgement" Form Meant That She Was Waiving Any Rights. | 36 |
|       | d. | Neither Dr. Williams, Coach Jennings, Nor Sean Dash Were Covered Under This Clause As Written. | 37 |
| VII.  |    | Defendants' Presentation Of Snippets Of Testimony Misrepresents The Experts. | 38 |
| VIII. |    | Dr. Cantu's Testimony Employed A Sound Methodology That Even Goes Beyond Medical Causation Testimony And Meets The *"Daubert"* "Scientific" Standard. | 40 |
|       | a. | What Is The *Daubert* Standard. | 40 |
|       | b. | Dr. Cantu's Education, Training, And Experience Demonstrate That Not Only Is He Qualified To Offer Such Testimony, But That He Is One Of The Foremost World Renowned Experts In The Field. | 42 |
|       | c. | The Underlying Methodology Employed By Dr. Cantu Is NOT Limited To A Mere Analysis Of Nine (9) Days. | 43 |
|       | d. | In Analyzing Dr Cantu's Qualifications In Conjunction With His Methodology, There Is No Dispute That His Causation Opinions Are Appropriate And Admissible. | 49 |
|       | e. | Defendants' Argument That Drs. Cantu and Vollmar Did Not Account For Alternative Causes, Is Both Inaccurate And An Impermissible Attempt To Shift The Burden Of Proving An Affirmative Defense Onto Plaintiff. | 51 |

Plaintiffs' Opposition to Subsection B and Cross-Motion for Partial Summary Judgment

| IX. | Defendants Should Be Barred From Raising Such An Affirmative Defense As They Failed To Disclose Any Such Facts As Requested During Discovery | 53 |
|-----|---|----|
| X.  | Defendants Were Under A Duty To Provide The Facts And Evidence That Support The Basis Of An Affirmative Defense. | 54 |

| | | |
|---|---|---|
| XI. | The Defendants Have Failed To Present Any Evidence To Establish Plaintiff Assumed The Risk Of Negligent Healthcare. | 56 |
| | a. The Standard Of Establishing Assumption Of The Risk. | 56 |
| |    i. What Risk Was Assumed | 58 |
| |    ii. Plaintiff Did Not Have A Clear Understanding And Wealth Of Knowledge That The Danger Of The Risk Assumed Existed. | 59 |
| |    iii. There Is No Evidence That Plaintiff Disregarded A Clear Understanding Of The Danger Of The Risk Assumed And Voluntarily Took The Gamble. | 59 |
| | b. Any Argument Of Assumption Of The Risk *Prior* To The Date She Voiced Complaints To American University Personnel Is Irrelevant. | 60 |
| XII. | Defendants Have Failed To Carry Their Burden Of Proof In Establishing A *Prima Facia* Case Of Contributory Negligence | 62 |
| | a. The Burden Of Proving An Affirmative Defense Rests Squarely On The Shoulders Of Defendants. | 63 |
| | b. Defendants Have Failed To Proffer Evidence To Establish Plaintiff Did Not Act Reasonably. | 64 |
| | c. Defendants Have Failed To Provide Any Evidence To Indicate That Any Potential Negligence On The Part Of Plaintiff Was A Proximate Cause Of Her Damages. | 66 |
| XIII. | Defendant Higgins Is Not Absolved From Liability As There Exists Testimony Of Both Direct Liability As Well As Liability Under The Notion Of *Respondeat Superior* And Agency Law. | 68 |
| XIV. | Defendants Presented Incomplete Testimony Of Plaintiff's Expert Witnesses. | 69 |
| XV. | Conclusion | 70 |